# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## (Norfolk Division)

| | |
|---|---|
| MICHELE DELUCA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE,<br><br>    Defendants. | Case No: 2:21-cv-00675-RCY-RJK<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF THE MOTION OF MAVIS BROWN AND TIM BROWN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

I.     MAVIS BROWN AND TIM BROWN SHOULD BE APPOINTED LEAD
PLAINTIFF    ................................................................................................................... 2

     A.     Movants Possess the Largest Financial Interest.......................................................... 3

     B.     Movants Satisfy the Typicality and Adequacy Requirements ............................... 4

          1.     Typicality .................................................................................................... 5

          2.     Adequacy .................................................................................................... 5

     C.     No Proof Exists to Rebut the Presumption in Favor of Movants .......................... 8

II.     Movants' Choice of Counsel Should be Approved ............................................................. 8

III.     All Competing Lead Plaintiff Motions Should Be Denied ................................................. 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019) .......................... 10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)................................................................................ 4, 10

*Chahal v. Credit Suisse Grp. AG*,
No. 18- CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ........ 3

*Crass v. Yalla Grp. Ltd*,
No. 21 Civ. 6854 (PAE), 2021 U.S. Dist. LEXIS 216088 (S.D.N.Y. Nov. 8, 2021) ................ 3

*Crumrine v. Vivint Solar Inc.*,
No. 2:20-cv-00919-JNP-CMR, ECF No. 24 (D. Utah June 29, 2020) ...................................... 9

*Dennee v. Slack Tech., Inc.*,
No. 3:19-cv-05857-SI, ECF No. 50 (N.D. Cal. Jan. 8, 2020)...................................................... 9

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018)........................ 6

*In re Facebook, Inc.*,
288 F.R.D. 26 (S.D.N.Y. 2012).................................................................................................... 8

*Ferreira v. Funko, Inc.*,
No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11, 2020).... 7

*Hansen v. Ferrellgas Partners, L.P.*,
No. 16-cv-7840 (RJS), 2017 U.S. Dist. LEXIS 8145 (S.D.N.Y. Jan. 19, 2017) ........................ 8

*Hodges v. Akeena Solar, Inc.*,
263 F.R.D. 528 (N.D. Cal. 2009) ................................................................................................ 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................................ 8

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)........................................................................................ 4

*Lavin v. Virgin Galactic Holdings*,
No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069
(E.D.N.Y. Sept. 17, 2021)............................................................................................................ 6

*Lucas v. United States Oil Fund, LP*,
No. 20 Civ. 4740 (PGG), 2020 U.S. Dist. LEXIS 169684 (S.D.N.Y. Sept. 16, 2020).............. 4

*In re Microstrategy Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................ *passim*

*In re Mills Corp. Sec. Litig.*, C.A. No. 1:06-77 (GBL), 2006 U.S. Dist. LEXIS 50485
(E.D. Va. May 30, 2006) ........................................................................................ 5

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ...................... 5

*Palm Tran, Inc. v. Emergent Biosolutions*,
No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894 (D. Md. Dec. 23, 2021) .......................... 3, 6

*Perez v. Hexo Corp.*,
No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) .............. 10

*Rice v. Genworth Fin. Inc.*,
C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017) ................. 5, 6, 8

*Saint Jermain v. Fluidigm Corp.*,
No. 20-cv-06617-PJH, 2020 U.S. Dist. LEXIS 234646 (N.D. Cal. Dec. 14, 2020) ................... 9

*In re Sequans Commc'ns. S.A. Sec. Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018) ............................................................... 6, 7

*Subramanian v. Watford*,
C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. Apr. 29, 2021) ... 9

*Switzenbaum v. Orbital Scis. Corp.*,
187 F.R.D. 246 (E.D. Va. 1999) ............................................................... 3, 4, 10

*Turnofsky v. electroCore, Inc.*,
Civ. No. 19-18400, 2020 U.S. Dist. LEXIS 72313 (D.N.J. Apr. 24, 2020) ............................. 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................ 4

*Vataj v. Johnson*,
No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020) ...................... 6

*Xu v. Gridsum Holding, LLC*,
No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sept. 17, 2018) .................. 9

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ *passim*

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................... 3, 8, 9

**PRELIMINARY STATEMENT**

Lead Plaintiff movants Mavis Brown and Tim Brown (together, "Movants") respectfully submit this Memorandum of Law in Opposition to Competing Lead Plaintiff Motions and in further support of their Motion for Appointment as Lead Plaintiff in the above captioned action (the "Action") and approval of their selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the proposed Class.[1]

On February 28, 2022, four movants or movant groups filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in the "Action.  The motions were filed by Kathy J. Tawzer ("Tawzer") (ECF No. 9); Patrick Vicens ("Vicens") (ECF No. 11); Robert Dufner ("Dufner") (ECF No. 14); and Movants (ECF No. 17).  Only two competing motions for appointment as lead plaintiff remain before the Court.[2]

Pursuant to the PSLRA, Movants are presumptively the most adequate lead plaintiff because they have the largest financial interest in the Action and satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  As ***no proof*** of Movants' inadequacy exists to rebut this presumption, Movants should be appointed as lead plaintiff.

**BACKGROUND**

On December 30, 2021, Michele DeLuca ("DeLuca") filed a complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Movants' opening memorandum (ECF No. 18).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2] On March 14, 2022, Dufner and Vicens each filed a notice of non-opposition to the competing motions (ECF Nos. 19 and 21).

1

10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class consisting of all persons and entities, other than Defendants, that purchased or otherwise acquired Instadose Pharma Corp. ("Instadose" or the "Company") securities between December 8, 2020 and November 24, 2021, both dates inclusive (the "Class Period"). On December 30, 2021, plaintiff DeLuca also duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party by February 22, 2022. *See* ECF No. 17-5.

The Action alleges that Defendants made materially false and misleading statements and/or omitted material adverse information during the Class Period. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Instadose had performed inadequate due diligence into the Business Combination and/or ignored significant red flags associated with Instadose Canada; (ii) Instadose's internal controls and policies were inadequate to detect and/or prevent impermissible trading activity by control persons of the Company; (iii) the foregoing subjected Instadose to a heightened risk of regulatory scrutiny and enforcement action; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶¶ 4, 47. On this news, and after Instadose's common stock began publicly trading again on December 9, 2021, the Company's stock price fell $22.61 per share, or 91.87%, to close at $2.00 per share on December 9, 2021. ¶¶ 8, 49.

## ARGUMENT

### I.   MAVIS BROWN AND TIM BROWN SHOULD BE APPOINTED LEAD PLAINTIFF

In deciding which movant to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest, and appoint the movant with the "largest financial interest in the relief sought by the class" who also

2

"otherwise satisfies the requirements" of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(i), (iii); *see also In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000).  Once identified, the movant with the largest financial interest must be appointed lead plaintiff, unless a competing movant produces sufficient proof to rebut the presumption in its favor.  *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  This analysis finds Movants to be the most adequate lead plaintiff.

### A.      Movants Possess the Largest Financial Interest

In assessing which lead plaintiff movant has the "largest financial interest," most courts consider financial losses to be the determinative factor.  *See, e.g.*, *Palm Tran, Inc. v. Emergent Biosolutions*, No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894, at *11-12 (D. Md. Dec. 23, 2021); *Chahal v. Credit Suisse Grp. AG*, No. 18- CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6 (S.D.N.Y. June 21, 2018).  Mavis Brown and Tim Brown have lost $139,690.86 on their purchases of Instadose common stock.  These losses dwarf the next largest movant's losses by $91,803.86 or *over 2.5 times*, as set forth in the chart below.  Mavis Brown alone has the largest losses of any movant.  *Crass v. Yalla Grp. Ltd*, No. 21 Civ. 6854 (PAE), 2021 U.S. Dist. LEXIS 216088, at *16 (S.D.N.Y. Nov. 8, 2021) (appointing a group of two investors where a group member also had the greatest individual loss of all competing movants).

| Movant | LIFO Losses |
|---|---|
| 1.   Movants | ($139,690.86) |
| 1.a. Mavis Brown | ($113,412.03) |
| 1.b. Tim Brown | ($26,278.83) |
| 2. Kathy J. Tawzer | ($47,887.00) |
| ~~3. Robert Dufner~~ | ~~($33,918.56)~~ |
| ~~4. Patrick Vicens~~ | ~~($4,761.92)~~ |

3

As Movants have the largest losses of any competing movant they are the presumptive lead plaintiff.

**B.      Movants Satisfy the Typicality and Adequacy Requirements**

Given that Movants have the largest financial interest in the litigation, the Court must now "focus its attention on *that* plaintiff and determine . . . whether he satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). At the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. *Switzenbaum*, 187 F.R.D. at 250; *Lucas v. United States Oil Fund, LP*, No. 20 Civ. 4740 (PGG), 2020 U.S. Dist. LEXIS 169684, at *17 (S.D.N.Y. Sept. 16, 2020); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2015) ("Once the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'").

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See MicroStrategy*, 110 F. Supp. 2d at 435 ("A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that movant: "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *MicroStrategy*, 110 F. Supp. 2d at 435-36.

4

Here, Movants satisfy both the typicality and adequacy prongs of Rule 23, requiring their appointment as Lead Plaintiff.

### 1.      Typicality

Movants satisfy the typicality requirement.  Like all members of the Class, Movants: (1) purchased Instadose securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result.  Because of this, Movants' claims are substantially similar, if not identical, to those of the other members of the Class who purchased Instadose securities during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants.  *See In re Mills Corp. Sec. Litig.*, C.A. No. 1:06-77 (GBL), 2006 U.S. Dist. LEXIS 50485, at *6 (E.D. Va. May 30, 2006) ("A claim is typical when each class member's claim arises from the *same course of events*, and each class member makes similar legal arguments to prove the defendant's liability.") (emphasis in original); *Microstrategy*, 110 F. Supp. 2d at 431; *Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *22 (E.D. Va. Aug. 25, 2017) ("While the claims of the named plaintiff should be the same or similar to the class claims, they need not be identical."); *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) ("[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

### 2.      Adequacy

Movants also readily satisfy the adequacy requirement of Rule 23.  BES, proposed lead counsel for the Class, is highly experienced in securities class actions such as this and are well qualified to litigate the Action.  *See* ECF No. 17-7 (firm résumé of BES).  *MicroStrategy*, 110 F. Supp. 2d at 435-36 (Movant satisfies the adequacy requirement because its interests are aligned

with those of the putative class, and it has retained competent and experienced counsel.). Moreover, Movants have no conflicts with absentee class members and are highly motivated to recover their losses of $139,690.86. *Id*.; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (Movants' "substantial losses provide a sufficient incentive to vigorously litigate this case").

In an effort to rebut the presumption in favor of Movants, the competing movants may argue that Mavis Brown and Tim Brown are an inappropriate group of unrelated investors. This argument is without merit. As courts in this Circuit and others recognize, the "PSLRA permits a 'person or *group of persons*' to be appointed as lead plaintiff." *Palm Tran*, 2021 U.S. Dist. LEXIS 244894, at *14 (emphasis in original); *see also Genworth*, 2017 U.S. Dist. LEXIS 137110, at *34 (same); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 n.1 (N.D. Cal. Feb. 3, 2020) (noting groups of unrelated investors may be appointed if the group is small and have demonstrated they can work together); *In re Sequans Commc'ns. S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018) ("the majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis").

Courts often approve groups of unrelated investors as lead plaintiff when the proposed groups submit a joint declaration evidencing their cohesiveness, functioning, and cooperative intentions, such as the one submitted by Movants here. (ECF No. 17-6, "Joint Declaration"). *See Palm Tran*, 2021 U.S. Dist. LEXIS 244894, at *16-17 ("Not having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their 'mutual shared interests in maximizing the Class's recovery.'"); *Lavin v. Virgin Galactic Holdings*, No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069, at *13 (E.D.N.Y. Sept. 17, 2021) ("It is not necessary that proposed lead plaintiffs have a pre-litigation relationship, but

6

rather that they be able to operate in concert and manage the litigation and the lawyers."); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *16 (C.D. Cal. June 11, 2020) (relying on joint declaration detailing plans for cooperation, coordination, and oversight of counsel to find proposed group "capable of performing the lead plaintiff function").

Moreover, as noted above, Mavis Brown individually has the largest individual loss, a factor that weighs heavily in Movants' favor of appointment. When a member of a proposed group has the largest individual loss, "potential lead plaintiffs are not being deprived of the PSLRA presumption by the aggregation of parties." *Sequans*, 289 F. Supp. 3d at 425. In that case, "the adequacy concern should be focused on whether the aggregation is otherwise problematic—if for example, the joinder is of members with competing or diverting interests." *Id.* at 425; *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) ("Hodges has the greatest financial stake in the litigation of any movant, so it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself. Accordingly, the Court finds that the members of the Akeena Investor Group are presumptively the most adequate Co–Lead Plaintiffs."). Movants plainly do not have competing or diverging interests. They are like-minded investors who incurred significant losses in connection with their purchases of Instadose securities and are motivated to prosecute this action efficiently.

Lastly, the appointment of Movants confers numerous benefits to the class, including, *inter alia*, shared resources, experience and expertise, as well as continuity and stability if a single lead plaintiff is found to lack standing or otherwise found inadequate. In short, Mavis Brown and Tim Brown are a small cohesive group of two that will effectively and vigorously advocate to maximize recovery for all members of the Class.

### C.      No Proof Exists to Rebut the Presumption in Favor of Movants

Having demonstrated that Movants are the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with proof that the movant with the largest financial interest is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Genworth*, 2017 U.S. Dist. LEXIS 137110, at \*24 ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of specific support in evidence of the existence of an actual or potential conflict of interest."); *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff as "the conflict of interest must be shown, not merely speculated").  Movants have no conflicts with the members of the Class and are motivated to recover the heavy losses they suffered.  *See* ECF No. 17-6.

Movants possess the largest financial interest and satisfy Rule 23, and therefore should be appointed Lead Plaintiff pursuant to the PSLRA.  *Microstrategy*, 110 F. Supp. 2d at 433; *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 U.S. Dist. LEXIS 8145, at \*18 (S.D.N.Y. Jan. 19, 2017) ("Accordingly, because the Batai Group was a timely movant, holds the largest financial interest, and satisfies Rule 23's requirements, the group is presumptively the 'most adequate plaintiff.'")

## II.      MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

The Court should also approve Movants' selection of BES as lead counsel for the putative class.  The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel selection and counsel retention."  *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015). BES is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors as

8

detailed in its Firm Résumé.  ECF No. 17-7.  BES has been appointed as lead counsel in many similar class actions arising under the federal securities laws.  *See, e.g.*, *Subramanian v. Watford*, C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. Apr. 29, 2021) (noting the firm's qualifications, experience, and ability to conduct the litigation); *Saint Jermain v. Fluidigm Corp.*, No. 20-cv-06617-PJH, 2020 U.S. Dist. LEXIS 234646, at *12 (N.D. Cal. Dec. 14, 2020) (appointing BES as lead counsel); *Turnofsky v. electroCore, Inc.*, Civ. No. 19-18400, 2020 U.S. Dist. LEXIS 72313, at *16 (D.N.J. Apr. 24, 2020) (appointing BES as lead counsel, noting the firm's experience with securities class actions); *Dennee v. Slack Tech., Inc.*, No. 3:19-cv-05857-SI, ECF No. 50 (N.D. Cal. Jan. 8, 2020); *Crumrine v. Vivint Solar Inc.*, No. 2:20-cv-00919-JNP-CMR, ECF No. 24 (D. Utah June 29, 2020); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *13 (S.D.N.Y. Sept. 17, 2018) (appointing BES as lead counsel, noting the firm's qualifications).

## III.    ALL COMPETING LEAD PLAINTIFF MOTIONS SHOULD BE DENIED

Movants have the largest financial interest in this Action, have made the *prima facie* showing of their typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing them lead plaintiff.  This alone is sufficient grounds for the Court to grant Movants' motion and deny the competing motions for appointment as lead plaintiff.

Tawzer, the movant with the second highest losses, failed to provide sufficient personal information to make any determination as to her adequacy to serve as lead plaintiff.  The only personal information provided is that "Movant is a resident of Utah and 56 years old."  ECF No. 8 at 7.  Unlike Mavis Brown and Tim Brown who submitted a joint declaration establishing adequacy by providing their residences, occupations, investing experience, and stating their familiarity with the obligations of a lead plaintiff, Tawzer has not provided the Court with even the most basic personal information.

9

A movant bears the burden of making a preliminary showing that they meet the adequacy requirements "based on the information [they have] provided in [their] pleadings and declarations." *Cavanaugh*, 306 F.3d at 730. By failing to provide any information besides her age and state of residence, Tawzer has failed to make a showing of adequacy and neither the Court nor competing movants will be able to confirm that she will be able to fulfill the responsibilities of lead plaintiff. *See, e.g.*, *Perez v. Hexo Corp.*, No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *7 (S.D.N.Y. Feb. 25, 2020) ("given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this [case]"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *14 (N.D. Ill. Nov. 15, 2019) ("Although it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, . . . to do so a movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively.") (emphasis in original); *Switzenbaum*, 187 F.R.D. at 250 (where movants only provided names and securities transaction information adequacy was "in doubt"). For this reason, Tawzer's motion should be denied.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) appoint Movants as Lead Plaintiff on behalf the Class; (2) approve Movants' selection of BES as Lead Counsel and Levi & Korsinsky LLP as Local Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: March 14, 2022            Respectfully submitted,

                                By: */s/ Elizabeth K. Tripodi*
                                Elizabeth K. Tripodi (VA Bar #73483)
                                LEVI & KORSINSKY LLP

1101 30th Street NW, Suite 115
Washington, D.C., 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
etripodi@zlk.com

*Local Counsel for Movants*


Melissa A. Fortunato
Marion C. Passmore
**BRAGAR EAGEL & SQUIRE, P.C.**
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movants and Proposed*
*Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth K. Tripodi, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 14th day of March, 2022.

*/s/ Elizabeth K. Tripodi*
Elizabeth K. Tripodi
