**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| MICHELE DELUCA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br><br> v. <br><br><br> INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE, <br><br> Defendants. | **CASE No.: 2:21-cv-00675-RCY-RJK** <br><br> **REPLY MEMORANDUM OF LAW OF KATHY J. TAWZER IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION** <br><br> **CLASS ACTION** |

1

Lead Plaintiff Movant Kathy J. Tawzer ("Ms. Tawzer" or "Movant") respectfully submits this Reply Memorandum of Law in Further Support of her Lead Plaintiff Motion. Dkt. No. 7.

## I.    INTRODUCTION

Only one other competing movant remains[1], Mavis Brown and Tim Brown (the "Group"). The Group is inadequate as an unrelated group of investors cobbled together by counsel. *See* Dkt. No. 20; *Jonathan Tan v. NIO Inc.*, 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020) ("While the language of the PSLRA permits a 'group of persons' to be appointed as lead plaintiff, it is a long-standing rule in this and other circuits that 'pastiche plaintiffs whose grouping appears to be solely the product of the litigation' are generally not suitable to serve as lead plaintiff. This is because one of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation and, as such, to allow lawyers to designate unrelated plaintiffs as a 'group' would allow and encourage lawyers to direct the litigation.") (cleaned up) (denying appointment of lawyer made group represented by both Bragar Eagel & Squire, P.C. and Levi & Korsinsky LLP).

In contrast, Ms. Tawzer chose not to move for appointment as lead plaintiff as part of a transparently lawyer-driven grouping.

## II.    ARGUMENT

### A.    Ms. Tawzer Is Not Required to Provide Additional Information; Provides Background Information Nonetheless

The Group misstates the law by appearing to state that lead plaintiff movants must "provide sufficient personal information" which apparently includes "residences, occupations, investing experience, and stating their familiarity with the obligations of a lead plaintiff." Dkt. No. 22 at 14.

---

[1] On March 14, 2022, Robert Dufner and also Patrick Vicens filed notices of non-opposition to the competing motions. Dkt. Nos. 19 and 21.

Tellingly the Group does not cite the PSLRA or case law on the need for these specific biographical data.

First and most importantly, the Group's assertion is inaccurate as Ms. Tawzer has provided all required information, fully complying with the PSLRA.[2] *See* 15 U.S.C. § 78u–4(a)(2)(A)(i-vi); Dkt No. 10-2; *Veal v. LendingClub Corp.*, 2018 WL 5879645, at \*4 (N.D. Cal. Nov. 7, 2018) ("'When the court makes [this] initial determination, it must rely on the ... complaint and sworn certification; there is no adversary process to test the substance of those claims.' [] As such, [Ms. Tawzer] need only make a *prima facie* showing that [she] satisfies the Rule 23 requirements of typicality and adequacy." (quoting *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002)).

Second, the PSLRA does not require such biographical information regarding *individual* lead plaintiff movants such as residence (which was provided), occupation, investing experience, and additional statements regarding familiarity with the obligations of a lead plaintiff. *Kaslingam v. Tilray*, 2020 WL 4530357, at \* 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality).

There is simply no reason or statutory basis for this additional biographical information for individual movants. Courts explicitly reject the basis for which it could be used. *Mullins v. AZZ, Inc.*, 2018 WL 7504312, at \*1 (N.D. Tex. Aug. 9, 2018) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence.") (quoting *In re Cavanaugh*, 306 F.3d at 732). Further, there is no indication that fellow class members could not vet Ms. Tawzer with her provided information in her opening filing which provided her state of

---

[2] Indeed, the Group's lead counsel Bragar Eagel & Squire, P.C. has represented lead plaintiffs movants who have not provided additional background information. *See Woolgar v. Kingstone Companies, Inc. et al.*, case no. 1:19-CV-05500 (S.D.N.Y.).

residence and her age (the Group members have neglected to provide their age while apparently demanding other, useless, biographical information from all lead plaintiff movants).

However, background information is *required* when unrelated investors are joined to form a group. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008). Indeed, by submitting proper lead plaintiff motion papers, and complying with the PSLRA, Ms. Tawzer *has* shown her adequacy and typicality from her opening motion papers. Dkt No. 10-2; *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, 2021 WL 71433, at *3 (C.D. Cal. Jan. 7, 2021) (adequacy found from a PSLRA certification); *Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *6 (C.D. Cal. Sept. 29, 2017) (typicality found from a "sparse" PSLRA certification).

However, to ease any concerns the Court or the Group may have, Ms. Tawzer is providing additional biographical information. First, she is a retired hairstylist. She also was the bookkeeper for her family construction company. Following her husband's early retirement from the company due to health issues, they moved from Oregon to Utah were they currently live.

The losses in Instadose directly affect her retirement finances and as these losses are significant, she is eager to efficiently and effectively pursue the class's claims.

She is also the mother of five, the grandmother of 18, and active in her church as a gospel doctrine teacher.

B.      **The Group Misstates the Law**

### 1. The Group Misstates the Law Regarding Lead Plaintiff Groups

Acknowledging its precarious position, the Group utilized its opposition brief as prebuttal to its foreseen issues regarding its clearly artificial and lawyer-driven creation. Dkt. No. 22 at 10-11. In this prebuttal the Group cites several cases which are off-the-mark.

In *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, the lead plaintiff movant at issue was a group of two "sophisticated institutional investor[s]"[3] (Nova Scotia Health Employees' Pension Plan and the City of Fort Lauderdale Police & Firefighters' Retirements System) which "submitted a joint declaration attesting to their discussions with one another and with counsel regarding their joint motion," among other things. 2021 WL 6072812, at *5 (D. Md. Dec. 23, 2021). That court also noted that "Nova Scotia Health Employees' Pension Plan provided examples of its prior ability to pursue securities fraud claims while supervising its choice of counsel[,]" which virtually eliminated the risk that the litigation would be lawyer-driven in contravention of the PSLRA. *Id*. Even with all of those strong indicators in favor of that institutional investor group, that court still had to "consider whether it 'will be able to function cohesively to monitor counsel and make critical litigation decisions.'" *Id*. Here, the Group is comprised of two individuals who have never spoken to each other in the absence of counsel, were clearly cobbled together by counsel, and have no prior examples of pursuing securities fraud cases—much less with either members' counsel.

In *Rice v. Genworth Fin. Inc.*, a group of two individuals was appointed lead plaintiff because they were the only remaining movants after a conflicted movant's motion was denied. 2017 WL 3699859, at *13 (E.D. Va. Aug. 25, 2017). Further, both group members filed original complaints alleging violations of Sections 14(a) and 20(a) of the Exchange Act and agreed to "coordinate their actions" before moving that court for appointment as lead plaintiff together

---

[3] *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (*"China Mobile*"), 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs").

showing that they "have effectively worked together since the beginning of this litigation." *Id*. at 2-3 and 13.

In *Vataj v. Johnson*, 2020 WL 532981, at *1-3 (N.D. Cal. Feb. 3, 2020) and *Lavin v. Virgin Galactic Holdings, Inc.*, 2021 WL 5409798, at *1 (E.D.N.Y. Sept. 17, 2021) the two remaining lead plaintiff movants filed a stipulation for appointment as co-lead plaintiffs which those courts accepted. (In *Vataj* the other lead plaintiff movant filed a withdrawal of his motion and in *Lavin* the other two lead plaintiff movants filed notices of non-opposition to the competing motions. *Id*.)

In *In re Sequans Commc'ns S.A. Sec. Litig.*, there is no mention of deficiencies present here—that members of the group had never spoken to each other in the absence of counsel; that they spoke to each other with counsel on the lead plaintiff deadline date; and that the group had a inappropriate dispute resolution system. 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018).

In *Ferreira v. Funko, Inc.*, due to the group movant's "experience and sophistication as investors; assert[ion] they understand the role and responsibilities of a lead plaintiff, particularly in overseeing their lawyers and efficiently prosecuting the case; and provides a process for decision-making and addressing disagreements within the group … the Court finds Funko Investor Group's members have demonstrated that they appreciate their duty to manage the litigation firmly and actively." 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020). The Group has simply failed to show that it can firmly or actively oversee their lawyers and efficiently prosecute this case. Further, the lead plaintiff movant with the next largest loss in that case "relie[d] on questionable calculations." *Id*.

In *Hodges v. Akeena Solar, Inc.*, that court noted that "[a] group without a preexisting relationship or decision making apparatus is likely to run afoul of the PSLRA's objective of placing control of the litigation with the parties instead of the lawyers." 263 F.R.D. 528, 532–33

(N.D. Cal. 2009). In part due to that group movants' "protocol for managing the litigation" that court found that group presumptively most adequate. *Id*. The Group is clearly lacking any real plan to manage this litigation and still have not spoken to each other without counsel.

In *Crass v. Yalla Grp. Ltd.,* 2021 WL 5181008, at *6 (S.D.N.Y. Nov. 8, 2021), that court found that the group movant at issue satisfied several factors in two cases within that district: *Peters v. Jinkosolar Holding* Co., 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012) and *Varghese*, 589 F. Supp. 2d at 392. The Group, as a whole and individually, simply fail to meet those factors regarding: the existence of a pre-litigation relationship between group members; the involvement of the group members in the litigation thus far; plans for cooperation; the sophistication of its members; whether the members chose outside counsel, and not vice versa; the size of the group; the relationship between the parties; and any evidence that the group was formed in bad faith. *Id*.

**2. The Group Misstates the Law Regarding Lead Plaintiff Movant Background Information**

As discussed above (Section II.A. *supra*) Ms. Tawzer complied with the PSLRA and provided all required information. 15 U.S.C. § 78u–4(a)(2)(A)(i-vi). After recognizing its weak position in the face of any opposition, the Group attempted to conjure up some issue with Ms. Tawzer—here that individual lead plaintiff movants must supply biographical information for appointment. Its cases are, again, off-the-mark.

In *Perez v. HEXO Corp.*, that court focused on one lead plaintiff movant's "failure to provide any information regarding his experience in his preliminary motion," so "the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action." 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020). Neither Group member provided any relevant experience with these cases and the Group nor either member have

shown that they cannot "meaningfully oversee and control the prosecution" of this case by moving as part of a clearly lawyer-driven grouping—falling well below Ms. Tawzer on these issues.

In *In re Boeing Aircraft Sec. Litig.*, a lead plaintiff submission itself exhibited cause for concern as it demonstrated unusual trading patterns. 2019 WL 6052399, at *5-6 (N.D. Ill. Nov. 15, 2019). Additionally, facts came to light that the movants did not have the financial means to engage in the transactions they claimed they did. *Id.* In *Switzenbaum v. Orbital Scis. Corp.*, a *grouping of unrelated individuals* neglected to provide any background information about the group members. 187 F.R.D. 246, 250 (E.D. Va. 1999).

The Group's simplest statement regarding the PSLRA's requirements is its most accurate, that "[a]t the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." Dkt. No. 22 at 8 (citing cases); *Tilray*, 2020 WL 4530357, at * 3 (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality).

## CONCLUSION

For the foregoing reasons, Ms. Tawzer's motion should be granted in its entirety and the competing motions should be denied.

8

Dated: March 21, 2022

Respectfully submitted,

**THE LAW FIRM OF CARLTON F. BENNETT, P.L.L.C.**

/s/ Carlton F. Bennett
Carlton F. Bennett (Va. Bar No. 18453)
120 South Lynnhaven Road, Suite 100
Virginia Beach, VA 23452
Telephone: (757) 266-5149
Fax: (757) 486-8910
Email: cbennett@carltonbennettlaw.com

*[Proposed] Liaison Counsel for Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Carlton F. Bennett