**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | |
|---|---|
| MICHELE DELUCA, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     v.<br><br>INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE,<br><br>           Defendants. | Case No: 2:21-cv-00675-RCY-RJK<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF MAVIS BROWN AND TIM BROWN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   MAVIS BROWN AND TIM BROWN ARE A PROPER GROUP ................................. 2

III.  CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*In re Aqua Metals Sec. Litig.*,
   No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018)..................... 5

*Borteanu v. Nikola Corp.*,
   No. CV-20-01797-PHX-SPL, 2021 U.S. Dist. LEXIS 223177 (D. Ariz. Nov. 17, 2021)...... 3, 7

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018)...................................................................................... 7

*Bruce v. Suntech Power Holdings Co. Ltd.*,
   No. 12-4061-RS, 2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012) ........................... 5

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ......... 1

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018) .............................................................................................................. 2

*Crass v. Yalla Grp. Ltd.*,
   No. 21 Civ. 6854 (PAE), 2021 U.S. Dist. LEXIS 216088 (S.D.N.Y. Nov. 8, 2021) .................. 8

*In re E.spire Communc'ns, Sec. Litig.*,
   231 F.R.D. 207 (D. Md. 2000) ................................................................................................. 3

*Garnett v. RLX Tech. Inc.*,
   No. 21 Civ. 5125 (PAE), 2021 U.S. Dist. LEXIS 165393 (S.D.N.Y. Aug. 31, 2021) ........... 4, 7

*Goldstein v. Puda Coal, Inc.*,
   827 F. Supp. 2d 348 (S.D.N.Y. 2011)....................................................................................... 5

*Inchen Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................................................. 4

*Lavin v. Virgin Galactic Holdings*,
   No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069 (E.D.N.Y. Sept. 17, 2021) .. 3

*Lawless v. Aurora Cannabis Inc.*,
   No. 20-13819 (RMB/SAK), 2021 U.S. Dist. LEXIS 127153 (D.N.J. July 7, 2021) .............. 4, 6

*In re Level 3 Communc'ns, Inc. Sec. Litig.*,
   C.A. No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 44706 (D. Colo. May 4, 2009) ...... 3

*In re LightInTheBox Holding Co., Ltd. Securities Litigation*,
   No. 13 Civ 6016 (PKC), 2013 U.S. Dist. LEXIS 165842 (S.D.N.Y. Nov. 21, 2013) .............. 8

*Mersho v. United States Dist. Court*,
  6 F.4th 891 (9th Cir. 2021)..................................................................................... 4

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014)............. 2, 7

*In re Molycorp, Inc. Sec. Litig.*,
  C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012).... 3

*Palm Tran, Inc. v. Emergent Biosolutions*,
  No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894 (D. Md. Dec. 23, 2021)...................... 3, 5, 6

*Peters v. Jinkosolar Holding Co.*,
  No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012).................. 7

*Rice v. Genworth Fin. Inc.*,
  C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017)......................... 2

*Robb v. Fitbit Inc.*,
  No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ....................... 4

*In re Sequans Commcn's S.A. Sec. Litig.*,
  289 F. Supp. 3d 416 (E.D.N.Y.  2018)................................................................... 2, 4

*Simmons v. Spencer*,
  No. 13 Civ. 8216 (RWS), 2014 U.S. Dist. LEXIS 58743 (S.D.N.Y. Apr. 24, 2014) ............. 2, 4

*Smith v. Suprema Specialties*,
  206 F. Supp. 2d 627 (D.N.J. 2002) ....................................................................... 3

*Stires v. Eco Science Solutions, Inc.*,
  No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018)................... 6

*Strougo v. Lannett Co.*,
  C.A. No. 18-3635, 2018 U.S. Dist. LEXIS 203050 (E.D. Pa. Nov. 30, 2018) ................... 4, 6, 7

*Subramanian v. Watford*,
  C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. Apr. 29, 2021) ... 4

*Takata v. Riot Blockchain, Inc.*,
  C.A. No. 18-2293 (FLW) (TJB), 2018 U.S. Dist. LEXIS 189585 (D.N.J. Nov. 6, 2018).......... 6

*Vataj v. Johnson*,
  C.A. No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020) ............. 4

*In re Waste Mgmt., Inc.*,
  128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................... 3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................................. 1

Movants Mavis Brown and Tim Brown (together, "Movants") respectfully submit this Reply Memorandum of Law in Further Support of Movants' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

## I.    PRELIMINARY STATEMENT

Movants clearly have the "largest financial interest in the relief sought."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Movants' losses are *two and a half times greater* than those of remaining competing movant Kathy Tawzer ("Tawzer").  The losses of Movants total $139,690.86 while Tawzer's losses are only $47,887.  Mavis Brown's losses of $113,412.03 alone are over double those Tawzer's.  Tawzer does not contest this fact.

Mavis Brown and Tim Brown also satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are therefore the presumptive lead plaintiff.  *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5 (S.D.N.Y. June 21, 2018) (courts are to appoint as lead plaintiff the person or group of persons with the largest financial stake in the outcome of the case, so long as they meet the requirements of Rule 23).  A lead plaintiff's adequacy can only be rebutted with *actual proof*.  No such proof has been provided by Tawzer.  Instead, Tawzer's sole contention is that Movants are an inappropriate group.  This contention overlooks that the PSLRA[1] specifically provides for appointment of groups and courts within this Circuit and across the country routinely appoint groups as lead plaintiff.  Therefore, the Court should reject Tawzer's argument and appoint Movants as Lead Plaintiff in this Action.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Movants' opening memorandum (ECF No. 18).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

## II.   **<u>MAVIS BROWN AND TIM BROWN[2] ARE A PROPER GROUP</u>**

The PSLRA expressly provides for the appointment of groups, stating that there is strong presumption that the "person or ***group of persons*** that . . . has the largest financial interest in the relief sought by the class" is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Groups are in fact routinely appointed as lead plaintiff by courts, including groups of unrelated investors. *See, e.g.*, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status"); *Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *34 n.14 (E.D. Va. Aug. 25, 2017) (appointing a small group of unrelated investors); *In re Sequans Commcn's S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) ("[C]ourts routinely appoint unrelated class members as co-lead plaintiffs."); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *20-21 (N.D. Cal. June 10, 2014) ("[s]mall, cohesive groups. . . are routinely appointed as lead plaintiff in securities actions"); *Simmons v. Spencer*, No. 13 Civ. 8216 (RWS), 2014 U.S. Dist. LEXIS 58743, at *13 (S.D.N.Y. Apr. 24, 2014) ("A group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members, and therefore presumptively cohesive."). Further, and contrary to Tawzer's claim otherwise, there is no "recent trend" rejecting unrelated groups[3] and it

---

[2]  Tawzer absurdly suggests that because Movants have the same last name counsel somehow choose them in order to make it appear that they were related. ECF No. 20 ("Tawzer Opposition") at 3 n.1. Neither counsel nor Movants claimed a relation in any submission to this Court.

[3]  Although labeling rejection of unrelated groups a "recent trend," Tawzer relies on support that is well over ten years old with each having distinguishing reasons that are not present here. Tawzer Opposition at 3-4. For example, in *In re E.spire Communc'ns, Sec. Litig.*, the court found that the group had not shown they could work cohesively together and took issue with the fact that two law firms formed the group showing that the group was either "unable or unwilling to agree on a single counsel to act on its behalf and serve as its voice." 231 F.R.D. 207, 214 (D. Md. 2000). In

2

has been recognized repeatedly within the last year alone that unrelated movants can be appointed as lead plaintiff when the group is small and it would best serve the class. *See, e.g.*, *Palm Tran, Inc. v. Emergent Biosolutions*, No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894, at *16-17 (D. Md. Dec. 23, 2021) ("Not having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery."); *Borteanu v. Nikola Corp.*, No. CV-20-01797-PHX-SPL, 2021 U.S. Dist. LEXIS 223177, at *31-35 (D. Ariz. Nov. 17, 2021) (appointing unrelated group of three due to small size and joint declaration which set out how they planned to work together); *Lavin v. Virgin Galactic Holdings*, No. 21-CV-3070 (ARR) (TAM), 2021 U.S. Dist. LEXIS 226069, at *13-14 (E.D.N.Y. Sept. 17, 2021) (appointing two individuals where no "pre-litigation relationship" as "they have stipulated that they are willing and able to take on the responsibilities of lead plaintiff");[4] *Garnett v. RLX Tech. Inc.*, No. 21 Civ. 5125 (PAE), 2021 U.S. Dist. LEXIS

---

*Smith v. Suprema Specialties*, the court specifically noted that there is no mandate that the group members be related, determining not to a appoint a group because it could not "fairly and adequately" represent the class as no group member suffered losses for the claims brought under the Securities Act of 1933. 206 F. Supp. 2d 627, 636-37 (D.N.J. 2002). In *In re Level 3 Communc'ns, Inc. Sec. Litig.*, the group did not submit a joint declaration until the final stage of briefing and the declaration was found lacking. C.A. No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 44706, at *15-16 (D. Colo. May 4, 2009). *See also In re Molycorp, Inc. Sec. Litig.*, C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *9 (D. Colo. May 29, 2012) ("To the extent that *In re Level 3 Commc'ns* holds that a Court may not appoint a group of un-related individuals as Lead Plaintiff in a shareholder class action, this Court respectfully disagrees. Indeed, there are significant public policy advantages to appointing a small, cohesive group of investors as Lead Plaintiff, as opposed appointing to single individual."). Last, the court in *In re Waste Mgmt., Inc.*, found groups of 660, 48, and 11 to be too large. 128 F. Supp. 2d 401, 431-32 (S.D. Tex. 2000).

[4] Counsel for Tawzer here was counsel for one of the two group members in *Virgin Galactic* and stipulated to joining after singular lead plaintiff motions were filed by the two individuals. *Id.* at *13-14, *19. In fact, a number of the cases cited to herein and in Movants' opposition (ECF No. 23, "Movants' Opposition") supporting appointment of groups included Tawzer's counsel as the proponent for group appointment. *See, e.g.*, *Lawless v. Aurora Cannabis Inc.*, No. 20-13819 (RMB/SAK), 2021 U.S. Dist. LEXIS 127153 (D.N.J. July 7, 2021); *Vataj v. Johnson*, No. 19-cv-

3

165393, at *12-14 (S.D.N.Y. Aug. 31, 2021) (appointing group of three unrelated individuals were "no suggestion that the group was formed to box out an outside candidate for lead plaintiff" because one member held the highest losses); *Subramanian v. Watford*, C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *9 (D. Colo. Apr. 29, 2021) (appointing group of five unrelated individuals where submitted declaration evidencing ability to work together).

Significantly, here one of the group's members, Mavis Brown, has the largest individual financial loss compared to all movants. *See* Movants' Opposition at 3. When one member of a group has the largest losses, courts find arguments disfavoring groups to be moot. *See, e.g.*, *Mersho v. United States Dist. Court*, 6 F.4th 891, 901 n.3 (9th Cir. 2021) (noting that District Court's decision not to appoint group due to lack of pre-litigation relationship was "troubling because it resulted in the appointment of a lead plaintiff whose losses are less than half or one-third of what each of the" group members "suffered individually"); *Strougo v. Lannett Co.*, C.A. No. 18-3635, 2018 U.S. Dist. LEXIS 203050, at *18 (E.D. Pa. Nov. 30, 2018) (where a group member's individual losses are larger than competing movant's there is no concern the group "came together solely due to proposed counsel"); *Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (disregarding argument against groups as one group individual had largest losses out of all movants) (collecting cases); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *14 (N.D. Cal. May 10, 2016) (a group member "claims the largest loss of any individual" and "[t]herefore, '[t]his is not a case . . . in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement. Rather, [group member] meets that requirement on his own.'") (quoting *Bruce v. Suntech Power Holdings Co. Ltd.*, No. 12-4061-RS,

---

06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020); *Sequans*, 289 F. Supp. 3d 416; *Simmons*, 2014 U.S. Dist. LEXIS 58743.

4

2012 U.S. Dist. LEXIS 167702, at *7 (N.D. Cal. Nov. 13, 2012)); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (arguments against group unavailing "[p]articularly in light of the degree to which the Querub Group's individual financial losses dwarf those of the competing movants").[5]

In appointing groups, courts look to a group's ability to work cohesively together. *Palm Tran*, 2021 U.S. Dist. LEXIS 244894, at *16 (appointing a group of two where they submitted "a joint declaration attesting to their discussions with one another and with counsel regarding their joint motion, their understanding of their responsibilities, and their readiness to take on those responsibilities"); *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *10-12 (N.D. Cal. May 23, 2018) (stating that the "PSLRA itself permits groups of persons to serve as a lead plaintiff" and that "[t]his Court has held that a group of previously-unrelated investors may show that it is an adequate class representative" and appointing group that submitted joint declaration attesting to, among other things, commitment to maximize recovery and vigorously prosecute the action, communicate with each other, and make themselves available for depositions and other necessary meetings or hearings); *Fusion-io*, 2014 U.S. Dist. LEXIS 80141, at *20-21 (appointing a group of two where "submitted declarations . . . professing the readiness and willingness to serve as a representative party on behalf of the class" claiming they would work together, the type of declarations courts have found "demonstrative of a movant group's adequacy as lead plaintiff").

Here, like other actions in this Circuit and other circuits appointing groups as lead plaintiff, Movants submitted a joint declaration detailing (1) their backgrounds and investing experience

---

[5] Movants do not request to be disbanded and considered individually as Tawzer suggests. Tawzer Opposition at 6. Such a request is not necessary given the above and the lack of any such request further supports Movants' cohesiveness and commitment to work together.

(ECF No. 17-6 at ¶¶ 3-4) (the "Joint Declaration"); (2) the decision to join together to serve as lead plaintiff (*id.* at ¶ 2); (3) the communications between the Movants and counsel regarding the joint motion and the Action (*id.* at ¶¶ 6, 13); (4) their understanding and commitment to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy (*id*. at ¶¶ 8-13); (5) their commitment to ensuring the litigation is managed effectively and communicating with each other (*id*. at ¶¶ 8-9, 12-13); (6) how potential disputes will be resolved (*id.* at ¶ 10); and (7) agreeing to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Action (*id*. at ¶ 14).

Notwithstanding the detailed Joint Declaration submission, Tawzer argues that it is "boilerplate" and insufficient. Tawzer Opposition at 4-5.[6] This is simply not true. As discussed immediately above, the Joint Declaration here contains the exact information and detail required by courts appointing groups. Contrary to Tawzer's claims, Movants stated a "client-or class-driven" reasoning for grouping, that "combining [their] collective resources and knowledge" would be beneficial to the class and that they have a "shared common interest in maximizing the recovery for all investors." Joint Declaration at ¶¶ 2, 10. *See Palm Tran*, 2021 U.S. Dist. LEXIS 244894, at *16-17 (declaration reasoning for joining is that "that they chose to work together based on their mutual shared interests in maximizing the Class's recovery"); *Brady v. Top Ships Inc.*,

---

[6] In both *Takata v. Riot Blockchain, Inc.* and *Stires v. Eco Science Solutions, Inc.*, relied upon by Tawzer in stating that Movants' Joint Declaration is insufficient (Tawzer Opposition at 4), the group members had not communicated prior to the motion and their declarations submitted at a later time. C.A. No. 18-2293 (FLW) (TJB), 2018 U.S. Dist. LEXIS 189585, at *14 (D.N.J. Nov. 6, 2018); No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088, at *15 (D.N.J. Feb. 13, 2018). *See also Lannett*, 2018 U.S. Dist. LEXIS 203050, at *16 (distinguishing *Takata* on same basis, stating "[w]e are not facing this post-motion attempt at cohesiveness"); *Aurora Cannabis*, 2021 U.S. Dist. LEXIS 127153, at *12-14 (distinguishing *Stires* on same basis and finding member location to be irrelevant).

324 F. Supp. 3d 335, 347 (E.D.N.Y. 2018) (finding acceptable declaration stating group's reasoning to be that they are "like-minded investors who suffered substantial losses" in their investments in Top Ship securities); *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489, at *22 (S.D.N.Y. Mar. 19, 2012) (accepting group's reasoning for joining where joined after initial motions filed in order to avoid risk that "investor with a smaller loss who may lack the same motive to achieve a good result" would be appointed).

Tawzer claims that the timing of the Movants' communications with each other is "striking" (Tawzer Opposition at 5), but it actually supports that the Movants decided to join together prior to any competing motion for lead plaintiff being filed and thus negating any argument that they were cobbled together to ensure the largest losses. *Lannett*, 2018 U.S. Dist. LEXIS 203050, at *17 (no basis for finding two-member group cobbled together by counsel where members communicated "<u>before</u> moving for lead plaintiff") (emphasis in original). Timing of joinder is not the standard, but whether there is "some evidence that the members of the group will act collectively and separately from their lawyers" which Movants have shown here. *Jinkosolar*, 2012 U.S. Dist. LEXIS 38489, at *18-19; *Nikola*, 2021 U.S. Dist. LEXIS 223177, at *29-30. Similarly, although the Movants' may have not "independently" spoken to each other prior to filing their motion (Tawzer Opposition at 5), that is not a requirement for lead plaintiff appointment, and Movants fully "understand that meetings, conference calls, and communications may be conducted without counsel." Joint Declaration at ¶ 13. *See also RLX Tech.*, 2021 U.S. Dist. LEXIS 165393, at *12 ("they have communicated with each other ***through counsel***").

Tawzer also contends that the Joint Declaration is insufficient because Mavis Brown would "always have decision-making power" (Tawzer Opposition at 5), but this fails to consider that such "power" is only if the Movants cannot agree and that the Movants' Joint Declaration also

expressly states that they are "confident in [their] ability to reach joint decisions," "fully expect to reach a consensus regarding litigation decisions", and each desire to "maximize the recovery for the Class." Joint Declaration at ¶¶ 8-10. Courts have found such dispute resolution procedures to be "consistent with the PSLRA's presumption that the movant with the largest financial interest will control the litigation[.]" *Crass v. Yalla Grp. Ltd.*, No. 21 Civ. 6854 (PAE), 2021 U.S. Dist. LEXIS 216088, at *18-19 (S.D.N.Y. Nov. 8, 2021). Notably, *Yalla Group* relies on the exact case Tawzer does in her opposition in finding the same dispute resolution procedure Movants here have decided on to be adequate. Tawzer Opposition at 5. The court in *In re LightInTheBox Holding Co., Ltd. Securities Litigation **did not*** reject a group due to a similar dispute resolution system as Movants', but instead rejected a group due to a system that gave voting power determined by shares purchased which meant a group member with more share purchases but ***lower*** losses would have more control. No. 13 Civ. 6016 (PKC), 2013 U.S. Dist. LEXIS 165842, at *5-6 (S.D.N.Y. Nov. 21, 2013). In accordance with both *Yalla Group* and *LightInTheBox*, here the group member with the largest losses has control if a dispute arises, "as called for by the PSLRA." *LightInTheBox*, 2013 U.S. Dist. LEXIS 165482, at *6.

In sum, Tawzer's purported insufficiencies in Movants' Joint Declaration do not call into question Movants' ability to work cohesively together for the best interests of the Class and should be disregarded. For these reasons, Mavis Brown and Tim Brown are an appropriate lead plaintiff group with no proof of inadequacy provided otherwise. As Movants also have they largest financial loss they are the presumptive lead plaintiff and should be appointed as such.

## III.    CONCLUSION

For all reasons stated in Movants' briefing, Movants respectfully request that the Court: (1) appoint Movants as Lead Plaintiff on behalf the Class; (2) approve Movants' selection of BES

8

as Lead Counsel and Levi & Korsinsky LLP as Local Counsel for the Class; and (3) grant such

other and further relief as the Court may deem just and proper.

DATED: March 21, 2022                    Respectfully submitted,


                                         By: */s/ Elizabeth K. Tripodi*
                                         Elizabeth K. Tripodi (VA Bar #73483)
                                         LEVI & KORSINSKY LLP
                                         1101 30th Street NW, Suite 115
                                         Washington, D.C., 20007
                                         Tel: (202) 524-4290
                                         Fax: (212) 363-7171
                                         Email: etripodi@zlk.com

                                         *Local Counsel for Movants*


                                         Melissa A. Fortunato
                                         Marion C. Passmore
                                         **BRAGAR EAGEL & SQUIRE, P.C.**
                                         810 Seventh Avenue, Suite 620
                                         New York, NY 10019
                                         Telephone:  (212) 308-5858
                                         Facsimile:  (212) 214-0506
                                         Email:  fortunato@bespc.com
                                                   passmore@bespc.com

                                         *Counsel for Movants and Proposed*
                                         *Lead Counsel for the Class*

9

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth K. Tripodi, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 21st day of March, 2022.

*/s/ Elizabeth K. Tripodi*
Elizabeth K. Tripodi
