IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHELE DELUCA, *Individually and on* )
*Behalf of All Others Similarly Situated,* )
    Plaintiff, )
                        )
            v. )                 Civil Action No. 2:21CV675 (RCY)
                        )
INSTADOSE PHARMA CORP., *et al.,* )
    Defendants. )

# MEMORANDUM OPINION

This matter is before the Court on: (1) Movant Tawzer's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 7); (2) Movant Vicens' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 11); (3) Movant Dufner's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 14); and (4) Movant Mavis Brown and Movant Tim Brown's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 17). The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will: (1) deny Movant Tawzer's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 7); (2) deny Movant Vicens' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 11); (3) deny Movant Dufner's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 14); and (4) grant Movant Mavis Brown and Movant Tim Brown's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 17).

## I. FACTUAL ALLEGATIONS

Instadose Pharma Corp. ("Instadose" or "Defendant") is a Nevada corporation with principal offices located in Chesapeake, Virginia. (Compl. ¶ 15, ECF No. 1.)  Instadose was formerly known as Mikrocoze, Inc. ("Mikrocoze") and "was organized to sell micro-furniture for small spaces via the internet." (*Id.* ¶ 19.)

On November 6, 2020, Sukhmanjit Singh resigned as Mikrocoze's Chief Executive Officer, Chief Financial Officer, President, Treasurer, Secretary, and Director. (*Id.* ¶ 20.)  In the disclosure announcing Sukhmanjit Singh's resignation, Mikrocoze reported that Defendant Terry Wilshire would be acting as the new President and Member of the Board of Directors. (*Id.* ¶ 21.)

On December 7, 2020, Mikrocoze reported that it intended to acquire all of the outstanding shares of Instadose Canada. (*Id.* ¶¶ 22, 24.)  On March 11, 2021, Mikrocoze changed its name to Instadose Pharma Corp. and changed its business focus to growth and acquisition of pharmaceutical grade agricultural products. (*Id.* ¶ 23.)  Pharmaceutical grade agricultural products had been the focus of Instadose Canada. (*Id.*)

The Ontario Securities Commission announced on July 9, 2021, that Instadose Canada's Chairman and Chief Financial Officer was being charged with fraud. (*Id.* ¶ 33.)  Five days later, Instadose filed a Form 10-Q with the Securities and Exchange Commission ("SEC") noting that it intended to acquire 100% of the stock of Instadose Canada. (*Id.* ¶ 34.)

Instadose filed a Form 8-K with the SEC on September 22, 2021, that provided an update of the proposed transaction with Instadose Canada and touted purported benefits for Instadose. (*Id.* ¶¶ 38-39.)

Plaintiff alleges that these filings contained false and misleading statements and failed to disclose pertinent facts. (*Id.* ¶ 47.)  Specifically, Plaintiff alleges that Instadose had performed inadequate due diligence, ignored "red flags" about Instadose Canada, had inadequate internal

controls to prevent impermissible trading activity, and subjected itself to a heightened risk of regulatory scrutiny and enforcement action. (*Id*.)

On November 24, 2021, Intadose filed a Form 8-K that disclosed that the SEC had ordered the suspension of trading of Instadose's, stating

> It appears to the [SEC] that the public interest and the protection of investors require a suspension in the trading of the securities of Instadose . . . because of questions and concerns regarding the adequacy and accuracy of information about Instadose . . . in the marketplace, including: (1) significant increases in the stock price and share volume unsupported by the company's assets and financial information; (2) trading that may be associated with individuals related to a control person of Instadose . . . ; and (3) the operations of Instadose[]'s Canadian affiliate . . . .

(*Id*. ¶ 48.)  The SEC suspended trading from November 24, 2021 through December 8, 2021. (*Id*.)  Once trading resumed, Instadose's stock price fell from $22.61 per share to around $2.00 per share. (*Id*. ¶ 49.)

## II. PROCEDURAL HISTORY

On December 30, 2021, Plaintiff Michele DeLuca ("DeLuca") filed a Complaint against Defendants Instadose Pharma Corp. and Terry Wilshire. (ECF No. 1.)  DeLuca published a notice in *PR Newswire* on December 30, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i). (ECF No. 6.)

Kathy J. Tawzer ("Tawzer") filed a Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel on February 28, 2022. (ECF No. 7.)  On the same day, Tawzer filed a Memorandum in Support. (ECF No. 8.)  On March 14, 2022, Mavis Brown and Tim Brown filed a Memorandum in Opposition. (ECF No. 22.)  Tawzer filed a Reply on March 21, 2022. (ECF No. 23.)

Patrick Vicens ("Vicens") filed a Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel on February 28, 2022. (ECF No. 11.)  Vicens also filed a Memorandum in Support. (ECF No. 12.)  On March 14, 2022, Vicens filed a Notice of Non-Opposition with regard to the "lead plaintiff motions of movants with larger financial interests." (ECF No. 21 at 1.)

Robert Dufner ("Dufner") filed a Motion for Appointment and Approval of Selection of Counsel on February 28, 2022, and a Memorandum in Support. (ECF Nos. 14-15.)  On March 14, 2022, Dufner filed a Notice of Non-Opposition with regard to the "largest financial interest." (ECF No. 19 at 2.)

Mavis Brown and Tim Brown ("the Group") filed a Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel on February 28, 2022. (ECF No. 17.)  They also filed a Memorandum in Support. (ECF No. 18.)  Tawzer filed a Memorandum in Opposition on March 14, 2022. (ECF No. 20.)  The Group filed a Reply on March 21, 2022. (ECF No. 24.)

### III. LEGAL STANDARD

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) filed the complaint or made a motion, (2) "has the largest financial interest in the relief sought by the class," and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted by evidence that the purported most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that will render the individual unable to adequately represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Once a lead plaintiff has been appointed, the court must approve the plaintiff's choice of counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v).

### IV. DISCUSSION

Three individuals and one group of individuals have filed motions requesting that the Court appoint them as lead plaintiffs in this PSLRA action.  As such, the Court must determine which

individual or group is the "most adequate plaintiff." The PSLRA provides three requirements for lead plaintiff: (1) filed the complaint or made a motion, (2) "has the largest financial interest in the relief sought by the class," and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). These three requirements create a rebuttable presumption that one is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### A. Filed the Complaint or Motion

The first statutory factor is procedural and only requires that the movant previously filed the complaint or made a motion in response to a notice. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); *see In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000). Each of the prospective lead plaintiffs has satisfied this requirement. (*See* ECF Nos. 7, 11, 14, 17.)

### B. Largest Financial Interest

The second statutory factor is which movant has the largest financial stake in the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Courts typically use net loss when determining which movant has the greatest financial stake in the litigation. *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *see In re Mills Corp. Sec. Litig.*, No. 1:06-77, 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006). The parties claim the following net losses:

| | | |
|---|---|---|
| Tawzer | | $47,887.00 |
| Vicens | | $4,761.92 |
| Dufner | | $33,918.56 |
| The Group | | $139,690.86 |
| | Tim Brown | $26,278.83 |
| | Mavis Brown | $113,412.03 |

(Tawzer Mot. to Appear Ex. 3, ECF No. 10-3; Vicens Decl. Ex. C, ECF No. 13-3; Dufner Decl. Ex. A, ECF No. 16-1; Group Mot. Ex. 2, ECF No. 17-4.)

Vicens and Dufner have both conceded that they do not have the largest interest and have entered notices of non-opposition to the remaining motions to be appointed lead plaintiff. (Vicens Notice, ECF No. 21; Dufner Notice, ECF No. 19.)   As such, Vicens and Dufner will not be considered for lead plaintiff.   Thus, the remaining candidates for lead plaintiff are Tawzer and the Group.   Based on net losses, the Group has the largest financial interest.

**C. Rule 23**

The third statutory factor is whether the movant satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   "This inquiry need not be as 'searching as the one triggered by a motion for class certification,' because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified." *In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d at 435 (quoting *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999)).   As such, the inquiry is limited to the "adequacy" and "typicality" prongs of Rule 23. *Id.*

### 1. Adequacy

For PSLRA purposes, the adequacy prong requires that the most adequate plaintiff (1) does not have interests that are adverse to the interests of the class, (2) has retained competent counsel, and (3) is competent to serve as class representative. *In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d at 435-36.

The core argument on this prong is whether the Group would be an improper group plaintiff. Tawzer argues that the Court should not consider the Group for the following reasons: (1) it is a lawyer-made group, (2) the joint declaration is a boilerplate declaration, (3) there is no client- or class-driven reason for the grouping, and (4) the Group lacks the requisite relationship and communication. (Tawzer Mem. Opp'n at 3-5.)   The Group argues that: (1) the PSLRA explicitly allows groups, (2) lack of a prelitigation relationship does not disqualify a group, (3) one

of the group members has the largest individual loss compared to all movants, and (4) their joint declaration is sufficient. (Group Reply at 7-12.)

The PSLRA describes the most adequate plaintiff as a "person or group of persons" thereby acknowledging that appointing a group as lead plaintiff is permissible. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Supreme Court has also acknowledged that "[d]istrict courts often permit aggregation of plaintiffs into groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018).  However, the underlying purpose of the PSLRA is to have securities class actions be driven by investors and to prevent manipulation by lawyers. *Tchatchou v. India Globalization Capital, Inc.*, Nos. 8:18-cv-3396 & 8:18-cv-3408, 2019 WL 1004591, at *5 (D. Md. Feb. 28, 2019); *In re Cendant Corp.*, 260 F.3d 183, 197 (3d Cir. 2001).

The Court has previously accepted small groups to be lead plaintiffs in similar actions. *See Rice v. Genworth Fin. Inc.*, No. 3:17cv59, 2017 WL 3699859, at *13 n.14, 14 (E.D. Va. Aug. 25, 2017) (granting a group of two individuals' motion for appointment as lead plaintiff).  Other courts within the Fourth Circuit have also done so. *See Palm Tran, Inc. v. Emergent BioSolutions*, Nos. 21-955, 21-1189, & 21-1368, 2021 WL 6072812, at *5-6 (D. Md. Dec. 23, 2021).

In considering groups, courts typically consider the size of the group, with smaller groups being preferred to larger ones, and the ability of the group to work together. *See, e.g., Tchatchou*, 2019 WL 1004591, at *7-8 (finding that a seven-member group was presumptively the most adequate plaintiff as seven was not too cumbersome a number, the members were aware of each other before filing their motion, and they communicated frequently); *Klugmann v. Am. Capital Ltd.*, No. 09-5, 2009 WL 2499521, at *5 (D. Md. Aug. 13, 2009) (appointing a group of three people as two of the members each had a larger financial interest than the next largest individual

loss, and the joint declaration explained members' prior communications and methods for future communications).

The absence of a prelitigation relationship is not detrimental to the Group. This Court has previously noted that "[n]ot having a pre-litigation relationship does not disqualify a group." *Palm Tran, Inc.*, 2021 WL 6072812, at \*5; *Rice*, 2017 WL 3699859, at \*13. A group of unrelated investors can still meet the adequacy requirement.

The most important factor to the Court is that the Group contains the individual with the largest loss among all movants. Given that Mavis Brown would likely be the most adequate plaintiff had she submitted an individual motion, the Court does not consider the Group to be a lawyer-driven group. *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 425 (E.D.N.Y. 2018) (noting that since one of the group members had the largest loss the other "potential lead plaintiffs are not being deprived of the PSLRA presumption by the aggregation of parties"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (noting that a group member had the largest individual loss, so "it is not necessary for the members of the [group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself"); *see also In re Mersho*, 6 F.4th 891, 901 n.3 (9th Cir. 2021) (vacating an order appointing a lead plaintiff as the members of a competing group each had larger individual losses).

The Group meets the adequacy requirement under Rule 23. A goal of the PSLRA is to have investor driven litigation, and the PSLRA seeks to achieve that goal through it's presumption that the individual who has suffered the largest loss will be the lead plaintiff. The Group contains that individual. Given that the Group is comprised of only two individuals and that they have filed a declaration outlining their cooperation and communication plan, (*see* Ex. 4 Group Mem. Supp., ECF No. 17-6), the Court finds that the Group has met the adequacy requirement.

## 2. Typicality

Typicality requires that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). A claim is typical when it arises out of the same course of events and invokes the same legal arguments as the rest of the class. *See In re MicroStragety Sec. Litig.*, 110 F. Supp. 2d at 435; *In re Mills Corp.*, 2006 WL 2035391, at *4. Both Tawzer and the Group's claims are typical as they arise out of the same occurrence. Specifically, the claims involve buying Instadose stock during the period of time specified in the Complaint at prices artificially inflated by allegedly false or misleading statements and suffering financial losses as a result. (*See* Tawzer Mem. Supp. at 5; Group Mem. Supp. at 11-12.)

### D. The Group is the Presumptive Lead Plaintiff

Given that Vicens and Dufner have filed Notices of Non-Opposition, either Tawzer or the Group is the presumptive lead plaintiff. Both Tawzer and the Group meet the first and third factors. Since the Group has the larger financial stake, it is the presumptive lead plaintiff.

### E. Rebuttal

The Court may consider two factors to rebut the statutory presumption: whether the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No party has alleged that either factor applies to the Group. As such, the Court will appoint the Group as Lead Plaintiff.

### F. Appointment of Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(B)(v). "[A] district

court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources . . . ." *In re MicroStrategy*, 110 F. Supp. 2d at 438.  The Group has chosen Brager Eagel & Squire, P.C. as lead counsel and Levi & Korsinsky as local counsel. (Group Mem. Supp. at 14.)  Both firms have extensive experience in securities litigation and have achieved substantial recoveries in prior actions. (*See* Ex. 5 Group Mot., ECF No. 17-7; Ex. 6 Group Mot., ECF No. 17-8.)  As such, the Court approves of and appoints the Group's chosen counsel, Brager Eagel & Squire, P.C. and Levi & Korsinsky.

## V. CONCLUSION

For the reasons detailed above, the Court will: (1) deny Movant Tawzer's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 7); (2) deny Movant Vicens' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 11); (3) deny Movant Dufner's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 14); and (4) grant Movant Tim Brown and Movant Mavis Brown's Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (ECF No. 17).

An appropriate Order shall issue.

_____
/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: July 29, 2022