# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Norfolk Division)

| | |
|---|---|
| MICHELE DELUCA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE,<br><br>        Defendants. | Civil Action No: 2:21CV675 (EWH)<br>CLASS ACTION |

## DECLARATION OF MARION C. PASSMORE
## IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT

I, Marion C. Passmore, hereby declare as follows:

1.      I am a Partner with the law firm of Bragar Eagel & Squire, P.C., Lead Counsel for Lead Plaintiffs Mavis Brown and Tim Brown (together, "Plaintiffs") and the Class.

2.      I submit this Declaration in support of Lead Plaintiffs' Request for Entry of Default.

3.      On January 19, 2022, the original plaintiff in the action, Michele DeLuca ("DeLuca"), through a process server, effected service on Instadose Pharma Corp. f/k/a Mikrocoze, Inc. ("Instadose") by serving the summons and Complaint on Instadose's registered agent, State Agent and Transfer Syndicate, Inc. (the "Registered Agent"), at 112 North Curry Street, Carson City, Nevada 89703-4934. *See* ECF No. 4 (Affidavit of Service for Instadose).

4.      On the same day, DeLuca effected service on defendant Terry Wilshire ("Wilshire, and together with Instadose, the "Defendants"), through a process server, by serving the summons and Complaint on Instadose's Registered Agent at the same address. *See* ECF No. 5 (Affidavit of Service for Wilshire).

5.      The deadline for Defendants to answer or otherwise respond to the Complaint was February 9, 2022.

6.      On February 28, 2022, DeLuca submitted a status report to the Court stating that because the action is a federal securities class action alleging violations under the Exchange Act, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") governs certain procedural aspects of the action, including the process for appointment of a lead plaintiff in the action. DeLuca informed the Court that due to the PSLRA's procedural requirements, counsel for DeLuca believed that an answer or motion responding to the Complaint would be premature prior to the Court's entry of an order pursuant to the PSLRA appointing a lead plaintiff as typically, Court-appointed lead plaintiff(s) file their own amended complaint. DeLuca also informed the Court that

1

service was effected as stated herein with affidavits of service filed on the docket and that counsel

for DeLuca had contacted Kris Osborne (authorized to accept served on behalf of the Registered

Agent) by telephone and confirmed that the summonses and Complaint were forwarded to

Defendants.  As of the date of the status report, DeLuca had not heard from or otherwise been

contacted by counsel for Defendants, Defendants had not yet made an appearance in the action.

*See* ECF No. 6.

7.     At this time, Defendants have still not made an appearance in the action, or

otherwise defended the litigation in a timely manner.

8.     There is no Court order or stipulation on file extending the time period for

Defendants to file an answer, responsive pleading, or otherwise take action with respect to this

litigation.

9.     Instadose is a corporation and therefore is not a minor, an incompetent person, or

currently in military service.

10.    To the best of my knowledge defendant Wilshire is not an infant, an incompetent

person, or currently in military service.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing facts are true and correct.  Executed this 24th day of August, 2022.

Marion C. Passmore