IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHELE DELUCA, *Individually and* )
*on Behalf of All Others Similarly Situated,* )
                                   )
        Plaintiff, )
                                     )
        v. )           Civil Action No. 2:21-cv-675 (EWH)
                                     )
INSTADOSE PHARMA CORP., *et al.*, )
                                     )
        Defendants. )
                                     )

## **ORDER**

This matter is before the Court on the Notice of Related Case and Motion to Coordinate Scheduling, Discovery and Pretrial Proceedings ("Motion"), ECF No. 29, filed by John R. Bulba and Matthew Wirsing, plaintiffs in Case No. 2:22cv66 ("Derivative Plaintiffs" and "Derivative Case"), and the Response and Objection to the Motion filed by lead plaintiffs Mavis Brown and Tim Brown ("Plaintiffs"), ECF No. 30.

The Derivative Plaintiffs note that although this case and the Derivative Case are brought by different plaintiffs and seek different relief, they share certain commonalities that warrant assignment of both cases to a single judge, coordination of pretrial proceedings, and the adoption of a coordinated discovery schedule. ECF No. 29. In response, Plaintiffs point out that this case and the Derivative Case are now both assigned to the undersigned. ECF No. 30. However, Plaintiffs object to the coordination of scheduling, discovery, and pretrial proceedings of the two cases because they raise different legal claims on behalf of different parties. *Id.*

Upon consideration of the Motion and Plaintiffs' Response and Objection, as well as the pleadings filed in the Derivative Case and in this case, the Motion is MOOT in part and DENIED

in part. The Derivative Plaintiffs' request that the Derivative Case and this case be assigned to a single judge is MOOT. The Derivative Plaintiffs' request for coordination of scheduling, discovery, and pretrial proceedings of the two cases is DENIED. The Derivative Case is brought by different plaintiffs who seek different relief, and formal coordination of scheduling, discovery, and proceedings is unlikely to promote efficiency. Assignment of both cases to a single judge, as has already occurred, will result in coordination of the proceedings to the extent necessary.

Moreover, no defendant has appeared in either the Derivative Case or this action, and the Clerk has entered default as to all defendants in both cases. ECF No. 28; ECF Nos. 6, 21, 33 in the Derivative Case. Accordingly, if Plaintiffs intend to further prosecute this matter, no later than February 28, 2023, Plaintiffs are DIRECTED to file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting defendants were served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted, and (c) Plaintiffs are entitled to the damages and relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief. Plaintiffs are also directed to mail copies of the motion for default judgment and supporting memorandum to the defaulting defendants at the defendants' last known addresses, certifying the same to the Court.

The Clerk is directed to forward a copy of this Order to counsel of record for Plaintiffs, who is directed to forward this Order to defendants Instadose Pharma Corp. and Terry Wilshire.

2

It is SO ORDERED.

_____/s/_____

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: January 18, 2023

3