**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MICHELE DELUCA, individually and
on behalf of all others similarly
situated,

      Plaintiff,

      v.

INSTADOSE PHARMA CORP. f/k/a
MIKROCOZE, INC. and TERRY
WILSHIRE,

      Defendants.

Case No. 2:21-cv-675

## ORDER

This matter comes before the Court on the plaintiff's Motion for Class Certification and Default Judgment. ECF No. 32 (Motion), 33 (Memorandum). The Clerk entered default as to the defendants on August 25, 2022, because the defendants had not responded to the complaint or otherwise participated in these proceedings. ECF No. 28. The plaintiff now moves for class certification and for default judgment. For the reasons stated below, the plaintiff is **ORDERED** to file a supplemental brief.

The complaint alleges that the defendants, Instadose Pharma Corp. and Terry Wilshire, violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), because they made "untrue statements of material facts" and "omitted . . . material facts" in order to "deceive the investing public, including Plaintiff and other class members" to "cause Plaintiff and other members of the Class to purchase or otherwise

acquire Instadose securities and options at artificially inflated prices." ECF No. 1 ¶ 62.

The timeline alleged by the plaintiff is summarized as follows: On December 7, 2020, Defendant Instadose entered into a letter of intent with Instadose Pharma Corp. ("Instadose Canada") to acquire 100% of the outstanding common shares of Instadose Canada *Id.* ¶ 3. On July 9, 2021, the Ontario Securities Commission announced that the CEO of Instadose Canada had been charged with fraud based on an allegation that he had diverted investor funds for his own benefit. *Id.* ¶ 5. On November 24, 2021, Instadose disclosed that the Securities Exchange Commission had suspended trading of securities in Defendant Instadose "because of questions and concerns regarding the adequacy and accuracy of information about Instadose" and, in part, based on "the operations of Instadose[]'s Canadian affiliate." *Id.* ¶ 7. After news of the SEC order broke, the share price of Defendant Instadose's stock fell significantly. *Id.* Throughout the period between December 7, 2020, and November 24, 2021, Defendant Instadose did not disclose that the OSC had charged the CEO of Instadose Canada with fraud, and instead made other statements that the plaintiff alleges were misleading given that he had been. *See, e.g., id.* ¶¶ 24–50.

To prevail on their claim, the plaintiff must show that "in connection with the purchase or sale of a security, (1) the defendant made a false statement or omission of material fact (2) with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's damages." *In re BearingPoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 539 (E.D. Va. 2006) (quotation marks omitted). The plaintiff seeks to

2

establish the third element, justifiable reliance, based on a "fraud-on-the-market" theory and a presumption of reliance pursuant to *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972).

A "fraud-on-the-market" theory can be defeated by a showing that the alleged misrepresentation or omission was "already known to the market," a rebuttal showing known as "truth-on-the-market." *In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 394 (S.D.N.Y. 2010). As the court in *Merrill Lynch* explains, to succeed on a fraud-on-the-market theory, a plaintiff must show that the securities were traded in an efficient market, *id.* at 393, and "[a]n efficient market incorporates all publicly available information," *id.* at 395. (quotation marks omitted). The court also explains that a presumption of reliance pursuant to *Affiliated Ute* is rebutted by a showing that the alleged misrepresentations or omissions were already publicly known. *Id.* at 397–98.

Here, the plaintiff appears to treat November 24, 2021—the day that the SEC suspended trading—as the day on which the market became aware of the OSC charges against the CEO of Instadose Canada. But as the complaint notes, the OSC announced those charges on July 9, 2021. ECF No. 1 ¶ 5. Therefore, it appears that the market was aware of the OSC charges at least as of July 9, 2021.

In light of the fact that the plaintiff's motion does not address this issue and that it is unopposed, the Court orders the plaintiff to file a supplemental brief that addresses the question of whether the OSC's July 9, 2021 announcement of fraud charges defeats the plaintiff's "fraud-on-the-market" theory. The plaintiff's brief

3

should also address whether the July 9, 2021 announcement defeats the plaintiff's showing of causation, given (1) the length of time between the July 9, 2021 announcement and the drop in stock price, *see, e.g.*, *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 772 (2d Cir. 1994) (explaining that a "substantial period" between the alleged fraud and alleged loss supports the conclusion that "the fraud was not a substantial cause" of the loss),  and (2) the fact that the SEC's order cited three reasons for the suspension, only one of which is explicitly tied to Instadose Canada, *see* ECF No. 1 ¶ 7.

For the foregoing reasons, the plaintiff is **ORDERED** to file a supplemental brief that addresses the issues raised in this Order. The supplemental brief shall be filed within 14 days of the entry of this Order and shall not exceed ten pages in length.

The Clerk is **DIRECTED** to forward copies of this Order to all counsel of record.

The plaintiff is **DIRECTED** to forward a copy of this Order to the defendants.

**IT IS SO ORDERED.**

/s/ JKW

_____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 8, 2023

4