**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)**

| | |
|---|---|
| MICHELE DELUCA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE,<br><br>        Defendants. | Civil Action No:  2:21-cv-00675 (JKW)(RJK)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF ON MOTION FOR CLASS CERTIFICATION AND DEFAULT JUDGMENT** |

**PRELIMINARY STATEMENT**

On December 30, 2021, a shareholder of Instadose Pharma Corporation ("Instadose" or the "Company") filed a class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against Instadose and its former Chief Executive Officer Terry Wilshire ("Wilshire" and together with Instadose, "Defendants") in this Court. ECF No. 1 (the "Complaint"). Plaintiff served Defendants, but Defendants failed to appear or respond to the Complaint. *See* ECF Nos. 4-6, 27. Therefore, a Request for Entry of Default was requested by the court-appointed lead plaintiffs, Mavis Brown and Tim Brown (together, "Plaintiffs") on August 24, 2022. ECF No. 27. The Clerk of Court entered the default the next day, August 25, 2022. ECF No. 28. Due to the continuing lack of appearance or response by Defendants, on February 28, 2023, Plaintiffs filed a Motion for Class Certification and Default Judgment. ECF No. 32.

On June 9, 2023, the Court entered an order (ECF No. 35, the "Order") requesting supplemental briefing on: (1) whether the July 9, 2021 announcement by the Ontario Securities Commission ("OSC") of fraud charges against Instadose Canada's[1] Chief Executive Officer ("CEO") defeats Plaintiffs' fraud-on-the market theory; and (2) whether that announcement defeats Plaintiffs' showing of loss causation given (a) the length of time between July 9, 2021 and the drop in stock price, and (b) the fact that the SEC's order cited three reasons for suspension, only one of which was tied to Instadose Canada.

The July 9, 2021, OSC announcement does not defeat Plaintiffs' fraud on the market theory because that disclosure was not a corrective disclosure. That announcement: (i) only involved

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Complaint.

1

Instadose Canada, and (ii) did not reveal the full extent of the alleged fraud. Both before and after the July 9, 2021 OSC announcement regarding Instadose Canada, Instadose (a separate entity) made and continued to make false and misleading statements, and omitted adverse facts regarding, among other things, Instadose's inadequate internal controls which failed to detect or prevent impermissible trading activity. The fraud on the market continued until the truth regarding such activity was revealed in the November 24, 2021 SEC announcement. That announcement was the sole disclosure, with new information entering the market and causing the stock drop of 91.87% as a result. For similar reasons, loss causation was adequately alleged in the Complaint and unaffected by the July 9, 2021 OSC announcement.

## ARGUMENT

**I.     THE JULY 9, 2021 ANNOUNCEMENT
DOES NOT DEFEAT THE FRAUD-ON-THE-MARKET THEORY
BECAUSE IT DID NOT REVEAL THE FULL EXTENT OF THE FRAUD**

As aptly noted by the Court, a fraud-on-the-market theory can be defeated by showing that the alleged misrepresentations or omissions were already publicly known. Order at 3 (citing *In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 394, 397-98 (S.D.N.Y. 2010)). But, for such "truth-on-the-market" defense to be applicable, the purported "corrective information must be conveyed to the public with a degree of intensity and credibility sufficient to counter-balance effectively any misleading information created by the alleged misstatements." *In re Henry Schein Sec. Litig., Inc.*, No. 18-CV-1428 (MKB), 2019 U.S. Dist. LEXIS 230571, at \*90-91 (E.D.N.Y. Sept. 27, 2019) (quoting *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000)). Moreover, "the relevant test for whether a disclosure may be considered 'corrective' for class certification is whether that disclosure provides new information that is 'related to' the alleged misrepresentation." *Pelletier v. Endo Int'l PLC*, 338 F.R.D. 446, 484 (E.D. Pa. 2021). It is often the case that disclosures do "not reveal the extent of the fraud, and that Defendants

continue[] to conceal[.]"  *Maiman v. Talbott*, C.A. No. SACV 09-00012 AG (ANx), 2011 U.S. Dist. Lexis 98243, at *22-23 (C.D. Cal. Aug. 29, 2011) (rejecting truth-on-the-market defense and granting class certification); *see also In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 307 (S.D.N.Y. 2003) ("a class period should not be cut off if questions of fact remain as to whether the disclosures completely cured the market").

Here, the Complaint alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (1) Instadose had performed inadequate due diligence into the Business Combination and/or ignored significant red flags associated with Instadose Canada; (2) Instadose's internal controls and policies were inadequate to detect and/or prevent impermissible trading activity by control persons of the Company; (3) the foregoing subjected Instadose to a heightened risk of regulatory scrutiny and enforcement action; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.  ¶¶ 4, 47.[2]

While it was revealed on July 9, 2021, that the CEO of Instadose Canada had been charged by the OSC with diverting funds from Instadose Canada (¶¶ 5, 33), the full "extent of the fraud" by Instadose (known as Mikrocoze, Inc. until March 11, 2021, ¶¶ 19-23) was not revealed with that disclosure.  Defendants continued to conceal the abysmal due diligence performed for the Business Combination, impermissible trading activity, and continued heightened risk of regulatory enforcement action (separate and apart from the OSC and Instadose Canada's CEO's activities), among other things (¶¶ 34-44, 47).  Indeed, the Complaint does not even plead that the July 9, 2021 OSC announcement was a corrective disclosure.  *Compare* ¶ 33 (July 9, 2021 OSC announcement) and ¶ 48 (SEC announcement which is under the heading "The Truth Emerges").

---

[2]  Citations to "¶ __" are to paragraphs in the Complaint.

Instead, the Company continued to tout the anticipated business combination with Instadose Canada, including the benefits that would flow from the transaction. ¶¶ 38-40, 46. Specifically, Defendants continued to make false and/or misleading statements and/or failed to disclose that: (i) Instadose had performed inadequate due diligence into the Business Combination and/or ignored significant red flags associated with Instadose Canada; (ii) Instadose's internal controls and policies were inadequate to detect and/or prevent impermissible trading activity by control persons of the Company; and that (iii) the foregoing subjected Instadose to a heightened risk of regulatory scrutiny and enforcement action.

The November 24, 2021 disclosure revealed the full extent of the fraudulent conduct. In addition to disclosing that the SEC had "questions and concerns" with the "operations of Instadose[]'s Canadian affiliate", the SEC stated that it had suspended trading for separate and different reasons. ¶¶ 7, 48. The SEC also had "questions and concerns regarding the adequacy accuracy of information about Instadose" because of "(1) significant increases in the stock price and share volume unsupported by the company's assets and financial information; [and] (2) trading that may be associated with individuals related to a control person of Instadose . . . ." *Id.* The Company's stock price plunge of 91.87% upon the SEC's revelations (¶ 49) further supports the assertion that the "truth" was not known to the market until November 24, 2021. *Scott v. ZST Digital Networks, Inc.*, No. CV 11-03531 GAF (JCx), 2012 U.S. Dist. LEXIS 19392, at \*34 (C.D. Cal. Feb. 14, 2012) (rejecting truth-on-the-market defense where "vigorous [market] reaction" to disclosure).

## II.    THE JULY 9, 2021 ANNOUNCEMENT
## DOES NOT DEFEAT A SHOWING OF LOSS CAUSATION

Loss causation is satisfied here because the only disclosure alleged is the November 24, 2021 SEC announcement which revealed previously unknown information and resulted in a stock drop of 91.87%.  The "ultimate loss causation inquiry . . . [is] whether a 'misstatement or omission concealed something from the market that, when disclosed negatively affected the value of the security.'"  *Singer v. Reali*, 883 F.3d 425, 446 (4th Cir. 2018) (quoting *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 261-62 (2d Cir. 2016)).  "[N]either a single complete disclosure nor a fact-for-fact disclosure of the relevant truth to the market is a necessary prerequisite to establishing loss causation (although either may be sufficient)."  *Id*. (quoting *Katyle v. Penn Nat'l Camping, Inc.*, 637 F.3d 462, 472 (4th Cir. 2011)).  "Moreover, the disclosure of series of partial disclosures 'need not precisely identify the misrepresentation or omission . . . .'"  *Id.*  In other words, all that is required is that a corrective disclosure[3] be "related to" a challenged statement (*id.*) and there is no "match" requirement.  *In re Bofl Holding, Inc. Sec. Litig.*, 977 F.3d 781, 790 (9th Cir. 2020) (a corrective disclosure "need not precisely mirror the earlier misrepresentation").  "'It is enough if the disclosure reveals new facts that, taken as true, render some aspect of the defendant's prior statements false or misleading.'"  *Ferris v. Wynn Resorts Ltd.*, No. 2:18-cv-00479-APG-DJA, 2023 U.S. Dist. LEXIS 35374, at *30 (D. Nev. Mar. 1, 2023) (quoting *Bofl*, 977 F.3d at 790).

The Complaint specifies loss causation with the November 24, 2021 SEC announcement.  As discussed *supra*, the Complaint alleges that Instadose made numerous materially false and

---

[3]  Loss causation can be alleged under either the corrective disclosure theory or the materialization of a concealed risk theory.  *Cambridge Ret. Sys. v. Jeld-Wen Holding, Inc.* 496 F. Supp. 3d 952, 968 (E.D. Va. 2020) (citing *Katyle.*, 637 F3d at 472).  Under the corrective disclosure theory, the defendant company reveals the information and under the materialization of risk theory, the revelation comes from another source.  *Id.*  "Under either theory, the 'ultimate loss causation inquiry . . . is the same. . . .'"  *Id.* (quoting *Katyle*, 637 F.3d at 446)).

5

misleading statements and omitted adverse facts about, *inter alia*, the Company's internal controls and detection of impermissible trading activity, and heightened risk of regulatory scrutiny and enforcement action.  ¶¶ 4, 47.  Those known issues were not revealed with the July 9, 2021 OSC announcement which solely discussed Instadose Canada's CEO's fraudulent activities.  ¶ 33.  The SEC's announcement disclosed new, previously unknown information, removing the inflation in the stock price, and supporting a finding of loss causation.  *See, e.g.*, *Epstein v. World Acceptance Corp.*, 203 F. Supp. 3d 655, 674 (S.C. 2016) (finding loss causation pled where disclosure "did not simply repeat or confirm information" but rather revealed new information).

As alleged, the damages, or loss, to investors did not occur until the 91.87% stock drop following the full revelation by the SEC on November 24, 2021.  ¶¶ 48-49.  Therefore, the time between July 9, 2021 and the stock drop is irrelevant as to loss causation because it is not alleged that the July 9, 2021 OSC announcement was a corrective disclosure.  *See* ¶ 33.  A single disclosure is sufficient to certify a class.  *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co.*, No. 3:18-cv-00988, 2022 U.S. Dist. LEXIS 178750, at \*14-15 (M.D. Tenn. Sept. 30, 2022) (where defendant conceded a corrective disclosure had a price impact, presumption of reliance applied); *Monroe Cnty. Emps' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 395 (N.D. Ga. 2019) (Defendants' concession of a price impact from a disclosure "dooms Defendants' attempt to rebut the presumption of reliance because the inquiry is whether Defendants have proven a complete lack of price impact during the Class Period, not whether the stock price decline following individual corrective disclosures was caused by the alleged misrepresentations, which is a loss causation analysis not appropriate at this stage.").[4]

---

[4] Additionally, the Supreme Court has held that proof of loss causation is not required at the class certification stage, stating that "we have never before mentioned loss causation as a precondition for invoking *Basic*'s rebuttable presumption of reliance," and explaining that "[l]oss causation

**CONCLUSION**

For the foregoing reasons and those detailed in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification and Default Judgment, Plaintiffs respectfully request that the Court: (i) certify the Default Judgment Class; (ii) appoint Plaintiffs as Class Representatives; (iii) approve Bragar Eagel & Squire, P.C. as Class Counsel; (iv) enter a default judgment as to Defendants; and (v) grant such further relief as the Court deems necessary.

DATED: June 22, 2023

Respectfully submitted,

By: /s/ *Elizabeth K. Tripodi*
Elizabeth K. Tripodi (VA Bar #73483)
**LEVI & KORSINSKY LLP**
1101 30th Street NW, Suite 115
Washington, D.C., 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
etripodi@zlk.com

*Local Counsel for Lead Plaintiffs and the Class*

Marion C. Passmore
**BRAGAR EAGEL & SQUIRE, P.C.**
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email: passmore@bespc.com

*Counsel for Lead Plaintiffs and the Class*

---

addresses a matter different from whether an investor relied on a misrepresentation." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812 (2011). *See also, e.g.*, *City of Livonia Emps' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 182-83 (S.D.N.Y. 2012) (rejecting loss causation argument as it is "not appropriate at the class certification stage); *Endo*, 338 F.R.D. at 469 ("In addressing both the prima facie *Basic* presumption and its rebuttal, the Court may not consider *arguments* about loss causation.") (emphasis added); *Acadia Healthcare*, 2022 U.S. Dist. LEXIS 178750, at *21-22 (similar).

## **CERTIFICATE OF SERVICE**

I, Elizabeth K. Tripodi, hereby certify that the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 22nd day of June, 2023.

*/s/ Elizabeth K. Tripodi*
Elizabeth K. Tripodi

## CERTIFICATE OF SERVICE

I, Marion C. Passmore, hereby certify that on the 22nd day of June, 2023, I caused to be mailed full and complete copies of the foregoing via U.S. Mail and International Mail, first-class postage paid, to the following:

Instadose Pharma Corp. f/k/a Mikrocoze, Inc.
and Terry Wilshire
c/o State Agent and Transfer Syndicate, Inc.
112 North Curry Street
Carson City, Nevada 89703-4934

Instadose Pharma Corp.
Attn: Legal Department
5500 North Service Road, Suite 301
Burlington, Ontario
Canada, L7L 6W6

Instadose Pharma Corp.
Attn: Terry Wilshire
5500 North Service Road, Suite 301
Burlington, Ontario
Canada, L7L 6W6

*/s/ Marion C. Passmore*
Marion C. Passmore

9