**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| MICHELE DELUCA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>INSTADOSE PHARMA CORP. f/k/a MIKROCOZE, INC. and TERRY WILSHIRE,<br><br>        Defendants. | Case No. 2:21-cv-675 |

## ORDER

This matter comes before the Court on the plaintiff's Motion for Class Certification and Default Judgment. ECF No. 32 (Motion), 33 (Memorandum). Having considered the record to date, including the supplemental brief filed by the plaintiff, the Court will order a hearing on the motion. The plaintiff should be prepared to address all merits issues raised in their motion and supplemental brief *except* for damages—the Court will not entertain evidence or argument regarding damages at the hearing. The plaintiff should be prepared to explain, for each defendant, how each allegation of fraudulent misrepresentation or omission[1] is

---

[1] The plaintiff appears to argue that the defendants made four misrepresentations or omissions: (1) the Ontario Securities Commission fraud charge against the CEO of Instadose Canada, ECF No. 33 at 28; (2) "Instadose had performed inadequate due diligence into the Business Combination and/or ignored significant red flags associated with Instadose Canada," (3) "Instadose's internal controls and policies were inadequate to detect and/or prevent impermissible trading activity by control

supported by the factual allegations in the complaint as to each element[2] that the plaintiff is required to show. To the extent that the plaintiff's claims are rooted in a presumption of reliance pursuant to either *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), or *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), the plaintiff should be prepared to explain why each of those presumptions applies with respect to each asserted misrepresentation or omission.[3] With respect to *Affiliated Ute* in particular, the plaintiff should be prepared to explain why such a presumption should apply in light of the Fourth Circuit's decision in *Cox v. Collins*, 7 F.3d 394 (4th Cir. 1993), given that the plaintiff appears to have alleged "both nondisclosure and positive misrepresentation instead of only nondisclosure as in *Affiliated Ute*." *Id.* at 395–96. The plaintiff should also be prepared to discuss the beginning and end dates of the class period and other matters relating to class certification.

---

persons of the Company," and (4) "the foregoing subjected Instadose to a heightened risk of regulatory scrutiny and enforcement action," ECF No. 36 at 4.

[2] As the plaintiffs acknowledge, they must show "(1) the defendant made a false statement or omission of material fact (2) with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's damages." *In re BearingPoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 539 (E.D. Va. 2006) (quotation marks omitted).

[3] To establish that a *Basic* presumption of reliance applies, the plaintiff must show "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268, (2014). To establish that an *Affiliated Ute* presumption of reliance applies, the plaintiffs must plead "an omission of a material fact by one with a duty to disclose." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 469 (S.D.N.Y. 2013).

For the foregoing reasons, the plaintiff is **ORDERED** to contact the Court's courtroom deputy within three business days of this Order being entered to schedule a hearing on the issues identified above.

The Clerk is **DIRECTED** to forward copies of this Order to all counsel of record.

The plaintiff is **REQUESTED** to forward a copy of this Order to the defendants.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 12, 2023

3